# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GABRIELLE JENKINS,                )
                                  )
    Appellant,                    )
                                  )
                                  )
                                  )
                                  )
    v.                            )    C.A. No. N16A-11-004 JRJ
                                  )
KELLY SERVICES INC.,              )
STATE OF DELAWARE DIVISION        )
DIVISION OF UNEMPLOYMENT          )
INSURANCE, & UNEMPLOYMENT         )
INSURANCE APPEAL BOARD,           )
                                  )
    Appellees.                    )

## OPINION

Date Submitted: August 4, 2017
Date Decided: October 17, 2017

*Upon Appeal from the November 27, 2016 decision of the Unemployment Insurance Appeal Board*: **AFFIRMED.**

Gabrielle Jenkins, *pro se,* Appellant.

Victoria W. Counihan, Deputy Attorney General, Delaware Department of Justice, 820 North French Street, Wilmington, Delaware, Attorney for Appellees.

**Jurden, P.J.**

# I. INTRODUCTION

Appellant Gabrielle Jenkins ("Jenkins") appeals the Unemployment Insurance Appeal Board's ("The Board") November 27, 2016 decision to affirm a Delaware Division of Unemployment Insurance ("The Division") overpayment determination of unemployment benefits.[1] For the reasons set forth below, The Board's decision is **AFFIRMED.**

# II. BACKGROUND

Jenkins filed a claim for unemployment insurance benefits on May 3, 2015 (the "First Claim").[2] She filed a new claim for unemployment insurance benefits on May 29, 2016 (the "Second Claim").[3] Jenkins was awarded and collected a weekly benefit amount of $239.00 for the Second Claim.[4]

A wage audit investigation by the Division revealed that Jenkins had not reported the wages paid to her by her employer, Kelly Services Inc., during the weeks ending February 20, 2015 through April 2, 2016, a period during which she was also receiving unemployment benefits.[5]

---

[1] R. at 50 (References to the certified record are shown as "R at -").
[2] *Id.* at 35.
[3] *Id.*
[4] *Id.* at 13.
[5] *Id.* at 35-36.

On September 2, 2016, pursuant to 19 *Del. C.* § 3314(6), a Division Claims Deputy issued a determination disqualifying Jenkins from the receipt of benefits for fraud for knowingly failing to disclose a material fact to obtain benefits to which she was not lawfully entitled.[6] The disqualification from receipt of benefits was effective for one year, from the week ending February 20, 2016 through the week ending February 18, 2017.[7] Jenkins did not file an appeal of the disqualification determination within ten days and, therefore, it became final and unreviewable on September 12, 2016.[8]

As a result of the disqualification decision becoming final, the Division began two separate administrative proceedings to establish the overpayment amounts under the First Claim and the Second Claim. The period of disqualification, February 2016 to February 2017, spanned both the First Claim and the Second Claim. The amount due as a result of the First Claim, $170.00, was taken out of Jenkins' taxes and is not in dispute.[9]

On September 20, 2016, pursuant to 19 *Del. C.* § 3325, a Division Claims Deputy issued an overpayment determination for the portion of the one-year disqualification period that fell within the Second Claim.[10] The overpayment

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Appellant's Opening Brief (Opening Br.) at 1.
[10] R. at 1-2.

3

amount was determined to be $1,976.00, for 9 weeks during the time period of July 2, 2016 to August 27, 2016.[11] On September 27, 2016, Jenkins appealed the Second Claim overpayment determination.[12]

On October 11, 2016, the Division held a hearing on appeal of the overpayment determination from the Second Claim.[13] At the hearing, a Division representative testified that, in reviewing Jenkins' file, she discovered three weeks that had not been included in the Second Claim overpayment determination.[14] The Division representative amended the overpayment determination to include 12 weeks, the weeks ending June 4, 2016 through August 27, 2016, for a total amount of $2,693.00.[15] After the hearing, The Division upheld the overpayment determination relating to the Second Claim as revised by the Division representative.[16]

On October 16, 2016, Jenkins appealed the Division's October 11, 2016 decision to the Board.[17] On November 27, 2016, the Board affirmed the decision of the Division.[18] Jenkins then appealed the Board's decision to this Court.[19]

---

[11] *Id.*
[12] *Id.* at 4.
[13] *Id.* at 8-23.
[14] *Id.* at 13-14.
[15] *Id.*
[16] *Id.* at 28-30.
[17] *Id.* at 43-45.
[18] *Id.*
[19] *Id.* at 53-57.

4

## III. STANDARD OF REVIEW

In reviewing an appeal from an Administrative Board's final order, the Court is confined to a "determination of whether the Board's decision is free from legal error and supported by substantial evidence."[20] If the Board's decision is free from legal error and supported by substantial evidence, its decision will be affirmed unless the Board committed an abuse of discretion.[21] An abuse of discretion occurs when the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[22] The Court's review is limited. "It is not the appellate court's role to weigh the evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[23]

## IV. DISCUSSION

In her opening brief, Jenkins admits that she was negligent and failed to report her earnings from Kelly Services in the beginning of 2016, a time in which she was receiving unemployment benefits.[24] This failure to report was the basis for

---

[20]*Unemployment Insurance Appeal Board v. Martin,* 431 A.2d 1265, 1266 (Del.1981).
[21] *Hockensmith v. Unemployment Ins. Appeal Bd.,* 2016 WL 2620642, at *2 (Del. Super. Mar. 11, 2016).
[22] *Id.*
[23] *McManus v. Christiana Serv. Co.,* 1997 WL 127953 at 1 (Del. Super. Jan 31, 2997).
[24] Appellant's Opening Brief ("Opening Br.") at 1.

the Board's decision to disqualify her from receiving unemployment benefits for one year pursuant to 19 *Del. C* § 3314(6). Jenkins argues that she was "truly unemployed" during the months of June, July, and the beginning of August, 2016.[25] But the fact Jenkins was unemployed during those months is irrelevant because, based on the September, 2016 decision of the Division, she was disqualified from receiving benefits during those months. Pursuant to 19 *Del. C.* § 3325, Jenkins must repay to the Division any benefits paid to her during the one-year disqualification period, even if after payment they are subsequently determined to be unlawful.

Jenkins next argues that "the overpayment was already paid out of my taxes."[26] Jenkins is only partially correct. While the amount owed in connection with the First Claim ($170.00 plus interest and penalty) was taken out of Jenkins' taxes, the amount determined to be owed based on the Second Claim (determined to be a total of $2,693.00) has not been repaid, and remains owed by Jenkins. The only reason Jenkins was able to receive benefits from the Second Claim was because, at the time, the Division had not yet determined that Jenkins was disqualified from receiving those benefits.

---

[25] *Id.*

[26] *Id.*

Jenkins does not challenge the adequacy of notice given to her, nor does she provide any evidence that the amount of the overpayment is inaccurate. [27] Jenkins admits that she failed to report her earnings in February, 2016 and was disqualified from receiving benefits for a period of one year.[28] Pursuant to 19 *Del. C.* §3325, any benefits she received during that one-year disqualification period must be repaid.

The Court finds that there is substantial evidence to support the findings of the Board, and that those findings are free from legal error. The Board did not abuse its discretion by denying Jenkins' appeal.

## V. CONCLUSION

For the foregoing reasons, the November 27, 2016 decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

---

[27] *See Starcks v. UIAB*, 2013 WL 4848101 (Del. Super. July 30, 2013).
[28] R. at 1.